FILED
SUPERIOR COURT
OF GUAM

2019 JUN -4 PM 4: 11

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOSHUA F. PETER, ET AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>FRANCIS GILL, ET AL.,<br><br>Defendants. | Superior Court Case No. <u>CV0426-18</u><br><br>**DECISION AND ORDER<br>RE<br>EX PARTE MOTION TO RECONSIDER<br>DISMISSAL OF FRAUD & DTPA<br>CLAIMS** |

The Court here considers Plaintiffs' *Ex Parte* Application for an Order Reconsidering Dismissal of the Fraud and Deceptive Trade Practices Act (DTPA) Claims Against Defendants Francis Gill and Cyfred, Ltd., heard on April 16, 2019. Having considered the parties' arguments and applicable law, the Court DENIES Plaintiffs' *Ex Parte* Motion to Reconsider.

### I.   PROCEDURAL FACTS

The Court's February 15, 2019 Decision and Order re Motion to Dismiss dismissed without prejudice Plaintiffs' fraud and DTPA claims against Gill and Cyfred as facially time-barred due to Plaintiffs' failure to affirmatively plead specific facts establishing tolling. The Court held that when counting June 5, 2013, as the date Plaintiffs' action began to accrue, Plaintiffs' limitations period expired roughly two months prior to the Complaint. Plaintiffs ask the Court to reconsider its dismissal because it committed "clear error" in requiring Plaintiffs to plead specific facts to avoid the application of the three-year statute of limitations applicable to the fraud and DTPA charges. *Ex Parte* Mot. at 4, 7 (Mar. 5, 2019).

ORIGINAL

## II. DISCUSSION

After hearing from the parties at the Motion Hearing that further clarification was needed as to why the Court utilized June 5, 2013, as the date Plaintiffs' causes of action began to run, the Court addresses that issue first. The Court's Decision and Order referenced Plaintiffs' allegation that on June 5, 2013, Gill informed Attorney Wong of Cyfred's position that because Plaintiffs had not provided any notice of material breach concerning the parties' settlement agreement, Cyfred had no further obligation to provide Plaintiffs with free and clear title to their lots. With no allegations that Plaintiffs should have or could have discovered Gill's alleged fraud and misrepresentations at an earlier date, the Court used June 5, 2013, as the accrual date in its calculations. Dec. and Order re Mot. Dismiss at 7 (Feb. 15, 2019).

The Court affirms that this date applies to the fraud and DTPA claims. As the Decision and Order states, the time a cause of action accrues for both claims starts at the discovery of the facts constituting a fraud, and expires three years later.[1] Dec. and Order re Mot. Dismiss at 6. Both the fraud and DTPA claims reference misrepresentations committed by Gill on March 5, 6, and 14, 2013. First Am. Compl. ¶¶ 57, 59, 61 (May 11, 2018). However, Plaintiffs' discovery that the three representations constituted misrepresentations did not occur until June 5, 2013, when Cyfred informed Plaintiffs that they had no obligation to provide free and clear title. This discovery provided Plaintiffs with adequate information to assert the fraud and DTPA claims.

---

[1] 5 GCA § 32121 ("All actions brought under this chapter must be commenced...within three years after the consumer discovered...the occurrence of the false, misleading, or deceptive act...."); *Taitano v. Calvo Fin. Corp.*, 2008 Guam 12 ¶ 30, *aff'd on reh'g*, 2009 Guam 9 ¶ 30 ("...the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake.").

ORIGINAL

The Court now turns to the issue of pleading specific facts, and whether reconsideration is merited by any clear error. *See Ward v. Reyes*, 1998 Guam 1 ¶ 10. In applying 7 GCA § 11403, the Court found that Plaintiffs failed to affirmatively plead specific facts establishing tolling. The Court relied on an explicit requirement in *Amsden v. Yamon, et al.,* 1999 Guam 14 ¶ 16, to "plead affirmatively *specific* facts" to toll statutes of limitations under 7 GCA § 11403. (Emphasis added.) The Court found that Plaintiffs failed to meet this standard in alleging--without more detail--that "both Francis Gill and Stephanie Mendiola were absent from Guam for long periods of time and any statute of limitations would not run against them during any such absence." First Am. Compl. ¶ 69. Because this broad allegation was insufficient to establish tolling, the Court found that Plaintiffs' fraud and DTPA claims were time-barred as the applicable statutes of limitation had expired on February 12, 2018--two months before the Complaint. Dec. and Order re Mot. to Dismiss at 7.

Plaintiffs now ask the Court to reconsider its dismissal due to a clear error in treating *Amsden*'s "specific facts" requirement as precedent when it is merely dicta. *Ex Parte* Mot. at 4, 7. Dicta, according to Plaintiffs, "could be anything not necessary to the resolution of the case." *Ex Parte* Mot. at 7 (citing to *Underwood v. Guam Election Comm'n*, 2006 Guam 17 ¶ 37). Plaintiffs then cite to *Amsden*'s cited California cases, which merely require an affirmative allegation of absence from the state to toll the running of the statutes of limitations under California Code of Civil Procedure § 341. *Ex Parte* Mot. at 5-7.

Though 7 GCA § 11403 is fashioned after section 341, which makes California case law persuasive, Guam case law is binding. *Amsden* expressly dismisses the plantiff's complaint "due to [his] failure to plead affirmatively specific facts." This requirement was not dicta or

ORIGINAL

accidental: California cases continue to require a party seeking to avail of tolling to plead "specific facts" to avoid a dismissal based on limitations ground. *See Mills v. Forestex Co.*, 134 Cal. Rptr. 2d 273, 286 (Ct. App. 2003) ("when a plaintiff relies on a theory of . . . delayed accrual, equitable tolling, or estoppel to save a cause of action that otherwise appears on its face to be time-barred, he or she must specifically plead facts which, if proved, would support the theory"); 43 Cal. Jur. 3d Limitation of Actions § 227.

The reasoning underlying the specific facts requirement applies here. It has been a long-established rule that when a claim is barred on its face--as the fraud and DTPA claims are in this instance--there is a presumption that the claims are untimely. It is simply insufficient and improper for time-barred claims to proceed to discovery unless specific allegations support tolling: "Formal averments or general conclusions to the effect that the facts were not discovered until a stated date, and that plaintiff could not reasonably have made an earlier discovery, are useless." *Bradler v. Craig*, 79 Cal. Rptr. 401, 405 (Ct. App. 1969) (citing 2 Witkin, Cal. Proc. (1954) Pleading, § 479). Again, Plaintiffs' mere mention that Gill was off-island did not establish dates of his absence or further facts that demonstrated he or Cyfred could not be served on Guam during the three-year period.

Accordingly, the Court does not find it committed clear error sufficient to justify reconsideration of its dismissal of the fraud and DTPA claims. The Court would like to note, however, that its Decision and Order re Motion to Dismiss stated it "may be possible for Plaintiffs to plead specific facts establishing Gill and Mendiola were off-island from 2013 onward" and dismissed the claims without prejudice. Dec. and Order re Mot. to Dismiss at 7.

ORIGINAL

Again, Plaintiffs may seek leave to amend their Complaint if they have sufficient facts

establishing Gill's absence from Guam to toll the applicable statute of limitations.

## III.   CONCLUSION

Because the Court did not commit clear error in dismissing Plaintiffs' fraud and DTPA

claims for untimeliness, the Court DENIES Plaintiffs' *Ex Parte* Motion to Reconsider.

SO ORDERED this 4th day of June 2019.

HON. ELYZE M. IRIARTE
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the
original hereto was placed in the
court box of:

WONG
VAN DE VELD
Date: 6/4/19   Time: 3:71

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Wayson W. S. Wong for Plaintiffs
Curtis C. Van de veld for Cyfred, Ltd., and Leonard Francis Gill, and Stephanie Mendiola

ORIGINAL